IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

JAMES SCOTT MURPHY,                          )
                                             )
          Plaintiff,                         )
                                             )
     v.                                      )      CV 605-097
                                             )
GEORGIA DEPARTMENT OF                        )
CORRECTIONS; JOHN DOE; JIMMY                 )
H. KENNEDY, Librarian; EMPLOYEES             )
OF THE GEORGIA DEPARTMENT OF                 )
CORRECTIONS;                                 )
                                             )
          Defendants.                        )

---

## ORDER

---

After a careful, *de novo* review of the file, the Court concurs with the Magistrate

Judge's Report and Recommendation to which objections have been filed. The Court will

address Plaintiff's objections. First, Plaintiff incorrectly asserts that the Magistrate Judge

erred by concluding that Plaintiff has not made sufficient allegations to make out a claim for

denial of access to the courts. (Doc. no. 5-1, pp. 1-2). This argument is deficient because--as

the Magistrate Judge correctly noted--Plaintiff has not identified a non-frivolous post-

conviction claim which Defendants prevented him from pursuing. (Doc. no. 3, p. 5).

Of course, it is conceivable that Plaintiff could allege additional facts showing the

existence of a non-frivolous claim; however, the Magistrate Judge also concluded that

Defendants are entitled to qualified immunity. Plaintiff argues that the Court cannot raise

a qualified immunity defense *sua sponte* upon frivolity review pursuant to 28 U.S.C. §

1915(e)(2)(B)(iii). (Doc. no. 5-1, pp. 2-3). On the contrary, it is entirely proper to dismiss

a complaint for monetary damages when it is clear that the parties sued are immune from suit.

In fact, the Prison Litigation Reform Act mandates the dismissal of any suit which "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(iii). Thus, when it is clear that a defendant is entitled to qualified immunity, the Court properly dismisses the claims against that defendant upon its initial screening. See, e.g., Doe v. Delie, 257 F.3d 309, 312, 322 n.13 (3d Cir. 2001); Preston v. New York, 223 F. Supp.2d 452, 472 (S.D.N.Y. 2002). Indeed, the Eleventh Circuit has explained that a case is properly dismissed as frivolous "[e]ven if the complaint legally states a claim and the facts are not fantastic," whenever "the district court sees that an affirmative defense would defeat the action." Clark v. Georgia Board of Pardons and Paroles, 915 F.2d 636, 641 (11th Cir. 1990). Thus, affirmative defenses such as absolute or qualified immunity, collateral estoppel, *res judicata*, and the expiration of the applicable statute of limitations are all appropriately raised *sua sponte* by the Court in actions brought *in forma pauperis*. Id. at 640-41.

The Magistrate Judge concluded that Defendants were entitled to qualified immunity because Defendants did not violate a "clearly established" right. (Doc. no. 3, p. 7). Citing cases from outside the circuit, Plaintiff contends that Defendants (Georgia entities and prison officials) should have known that they had an obligation to provide him with Georgia legal materials while he was incarcerated in Missouri. (Doc. no. 5, pp. 2-3). However, the Magistrate Judge correctly noted that, in this circuit, "the law can be 'clearly established' for qualified immunity purposes only by decisions of the U.S. Supreme Court, Eleventh Circuit Court of Appeals, or the highest court of the state where the case arose." (Doc. no. 3, p. 7

2

(quoting <u>Jenkins by Hall v. Tallageda City Board of Education</u>, 115 F.3d 821, 826 n.4 (11th

Cir .1997)).  Plaintiff does not point to any case from the United States Supreme Court, the

Eleventh Circuit, or the Georgia Supreme Court which would have given Defendants reason

to believe that they--rather than Missouri prison officials--bore the ultimate responsibility for

ensuring Plaintiff's access to the courts.  Nor is the Court aware of any such case.  Thus, the

Magistrate Judge's qualified immunity analysis is correct.[1]

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED**

as the opinion of the Court.  Therefore, Plaintiff's request to proceed *in forma pauperis* is

**DENIED** (doc. no. 2) and this action is **DISMISSED** without prejudice.

SO ORDERED this ___ day of November, 2005.

_____
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT

---

[1] The Court is aware of Plaintiff's contention that the Magistrate Judge's conclusion that Defendants are protected by qualified immunity is inconsistent with the Court's orders in his previous case involving the same facts, <u>Murphy v. Kennedy</u>, CV 604-050 (S.D. Ga. 2005). (Doc. no. 5-1, p. 1).  It is true that the Court initially sanctioned Plaintiff's denial-of-access claims in that case (before finding out that Plaintiff was barred from proceeding *in forma pauperis* by 28 U.S.C. § 1915(g) and had lied to the Court regarding his filing history). <u>Murphy</u>, CV 604-050, doc. no. 11. However, Plaintiff's suit in CV 604-050 sought only injunctive relief. <u>See</u> CV 604-050, doc. no. 2, p. 7.  Plaintiff explicitly stated that he did not seek monetary damages, and added:

> I pray that this court will issue orders to the Defendant, ordering him to provide me with the legal material requested or provide me with counsel to assist me in challenging my Georgia state conviction.

<u>Id.</u>

Qualified immunity is no defense against claims for injunctive relief; rather, the defense applies only to personal liability for monetary awards. <u>See, e.g.</u>, <u>Ratliff v. Dekalb County, Georgia</u>, 63 F.3d 338, 340 n.4 (11th Cir. 1995).  Thus, the Court's determination that Plaintiff's claims for monetary damages in the instant suit are barred by the defense of qualified immunity is not inconsistent with the Court's previous orders in CV 604-050, which pertained only to claims for injunctive relief.